FILED: **12/1/10**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:05-cr-94-1

United States of America

v.

Joseph Forrest Perkins, Jr.
                                Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed October 12, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on January 26, 2006, before The Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of uttering counterfeit obligations or securities, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 7 and a criminal history category of VI, was 15 to 21 months. Defendant was subsequently sentenced to 21 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions drug aftercare; financial disclosure; a $10 fine; and a $100 special assessment.

## II. The Period of Supervision

On February 12, 2010, defendant completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on October 12, 2010. The petition alleges that defendant violated the following conditions of release:

1. Standard Condition: Defendant shall notify the probation officer ten days prior to any change of residence or employment.

As grounds, the petition alleges: On October 6, 2010, a home visit was attempted at 3155 Elmira, Beaumont, Texas. Contact was made with Sheila Richards, the aunt of defendant. Ms. Richards reported that defendant moved out of her residence on or about October 4, 2010, and his whereabouts are unknown. On October 6, 2010, contact was also made with Anthony Pacella at

the State of Texas Parole Office in Beaumont, Texas. Mr. Pacella reported that an absconder parole warrant was recently requested in defendant's case.

### IV. Proceedings

On November 30, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced a partial agreement. Defendant agreed to plead "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer ten days prior to any change of residence or employment. At the revocation hearing, defendant did in fact plead "true" to such allegation.

Regarding an appropriate sanction, the parties agreed that the court should revoke defendant's supervised release. The parties did not agree, however, as to the term of imprisonment and potential term of supervised release thereafter. The government recommended a sentence of imprisonment of 8 months imprisonment with no supervised release to follow due to defendant absconding while under house arrest with the State of Texas Parole Office, and defendant demonstrating an inability to adhere to conditions of supervision. The defendant requested 6 months of imprisonment with no supervised release based upon the minor nature of the violation and the fact that his state parole was reinstated.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to notify the probation officer ten days prior to any change of residence or employment, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving,

whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pled "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer ten days prior to any change of residence or employment. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by failing to notify the probation officer ten days prior to any change of residence or employment.

**Conclusions and Justification:**

Defendant's violation is a Grade C violation, and defendant's criminal history category is VI. Policy guidelines suggest 8 to 14 months imprisonment upon revocation. Although defendant has demonstrated an inability to adhere to conditions of supervision by not complying with the conditions of his supervision by failing to notify the probation officer ten days prior to any change of residence or employment, this violation was relatively minor in nature. In addition, the undersigned recommended an agreed-upon sentence of 6 months imprisonment upon another defendant with the same violation just prior to defendant's hearing. As such, a slight downward departure from the guidelines is appropriate in this case. A term of 7 months incarceration with no supervised release appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by this term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by failing to notify the probation officer ten days prior to any change of residence or employment, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 7 months to be served consecutively to any sentence of imprisonment that the defendant is serving.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

5. The court should recommend that defendant be incarcerated in the Bastrop, Texas Federal Correctional Institution of the Federal Bureau of Prisons, or, if unavailable, at an institution other than the Beaumont Federal Correctional Institution, if deemed appropriate by the Bureau of Prisons.

### OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __1__ day of December, 2010.

_Earl S. Hines_
Earl S. Hines
United States Magistrate Judge